UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOMANDA LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>KARTINA CANADA INC., d/b/a/<br>BESTRUSSIANTV.COM, and<br>JOHN DOES 1 through 10,<br><br>　　　　　　　Defendants. | Case No.: 17-cv-2362<br><br>**COMPLAINT** |

　　　　Plaintiff Komanda LLC ("Komanda"), by and through its attorneys, Lewis Baach Kaufmann Middlemiss pllc, submits this Complaint for Copyright Infringement, Secondary Copyright Infringement, Misrepresentation under the Digital Millennium Copyright Act ("DMCA"), and Unfair and Deceptive Trade Practices, and respectfully alleges as follows:

## NATURE OF THE ACTION

　　　　1.　　This action seeks to restrain the unauthorized streaming, broadcasts, and distribution of valuable foreign language television programming over media including without limitation the Internet, mobile applications, and Internet Protocol television ("IPTV") streaming facilities, such as the Roku Streaming Player ("Roku").

　　　　2.　　Plaintiff is the copyright owner of certain works consisting of Russian language television programming originating in and protected by the laws of the Russian Federation. Plaintiff can nonetheless proceed as a copyright owner for purposes of the U.S. Copyright Act, which implements the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention") and other applicable international conventions. Among the bundle of rights afforded to Plaintiff as a copyright owner under United States copyright law are the

1

exclusive rights to "reproduce the copyrighted work," "distribute copies … of the copyrighted work to the public," "perform the copyrighted work publicly," and "display the copyrighted work publicly."  17 U.S.C. § 106.  This includes the exclusive right "to transmit or otherwise communicate a performance or display of" Plaintiff's copyrighted television broadcasts and programs "to the public by means of any device or process whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times."  *Id.* § 101.

      3.      Plaintiff produces and distributes Russian language television programming and licensed content that is first broadcast in the Russian Federation.  Because the programming is extremely popular not only in the Russian Federation, but internationally, as well, Plaintiff authorizes third parties to stream, broadcast, or distribute the content to those in, among other places, North America.  Like these third parties, Kartina Canada, Inc. ("Defendant") offers access to Plaintiff's Russian language television programming through a variety of platforms, including the Internet, mobile applications, and IPTV streaming facilities.  But unlike the authorized third parties, Defendant has not acquired a valid license to do so.

      4.      Defendant never obtained permission from Plaintiff, nor could it have obtained the rights to distribute the content from any other party.  Yet Defendant offered Plaintiff's copyrighted programs on its website, BestRussianTV.com; its mobile applications; and its channels on IPTV streaming facilities, such as its Roku Channel, BRT.  Upon information and belief, Defendant obtained the programs for said purposes through unauthorized avenues, by hacking, capturing, or otherwise acquiring without permission the signals of the Russian television network that streams Komanda's programs, Channel One.

5.      Defendant's actions run afoul of Plaintiff's rights in the Russian language programs, blatantly violate the Copyright Act, and are, at their core, unfair and deceptive trade practices.  Unless enjoined by this Court, Defendant's actions will cause irreparable harm by, among other things, interfering with Plaintiff's ability to negotiate legitimate license agreements with third parties, affecting Plaintiff's control over the distribution of its copyrighted content, and undermining Plaintiff's ability to negotiate and implement quality controls in the dissemination of its Russian language programs.

6.      Plaintiff requests that the Court enjoin Defendant's unlawful conduct and award damages arising out of Defendant's unlawful conduct in addition to any and all other relief authorized by statute or at common law, including but not limited to an award of costs and attorneys' fees.

## THE PARTIES

7.      Plaintiff Komanda LLC is a limited liability company organized under the laws of the Russian Federation.  Its principal place of business is 129515 Russia, Moscow, Akademik Korolev str., 13, building 1, office 62.

8.      Defendant Kartina Canada Inc. is a corporation organized under the laws of Canada with its principal place of business at 401-1110 Finch Avenue West, Toronto, ON, M3J 2t2.  Defendant has identified itself as the representative of BestRussianTV.com and more specifically, the Roku channel, with the access code "BRT."  Upon information and belief, Defendant is d/b/a BestRussianTV.com.

9.      Plaintiff does not know the true name and capacity of Defendants John Does 1-10 and therefore sues these defendants by such fictitious name.  Plaintiff will amend the Complaint to allege the true name and capacity of John Does 1-10 when ascertained.  Upon information and

belief, Defendants John Does 1-10 are individuals or entities acting in concert with, or at the direction of, Kartina Canada Inc. d/b/a BestRussianTV.com to distribute infringing content through the Internet, mobile applications, and various IPTV streaming facilities, including but not limited to Roku.

## JURISDICTION AND VENUE

10. The Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 with respect to Plaintiff's federal statutory claims and may assert supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367.

11. Personal jurisdiction over Defendant is proper because Defendant purposefully directed its conduct towards, and purposefully availed itself of, the privileges of conducting business activities within this judicial district by, among other things, streaming, broadcasting, or otherwise distributing certain Copyrighted Content (defined below) to consumers in this district.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(a).

## BACKGROUND FACTS

**A.     Plaintiff and its Copyrighted Works**

13. Komanda is the sole worldwide copyright owner for certain works that are shown on Russian language television, including content that is shown on the Russian television network, Channel One. Examples of Russian television programs to which Komanda is the copyright holder include, among others, all programs distributed under the following names: Davai pogenimsya (Давай поженимся), Modny prigovor (Модный приговор), Segodnya vecherom (Сегодня вечером), Kontrolnaja zakupka (Контрольная закупка), Luchshe vsekh (Лучше всех), and Idealny remont (Идеальный ремонт) (the "Copyrighted Content").

14. Plaintiff's Copyrighted Content is among some of the most popular Russian language programming and is broadcast on the Russian television network Channel One. But the popularity of the Copyrighted Content extends beyond the Russian Federation; it is also broadcast and restreamed across North America by certain authorized third parties, such as Verizon's FIOS. Because it has invested (and continues to invest) substantial resources and efforts each year to develop, produce, and broadcast the Copyrighted Content, Plaintiff provides authorization, permission, or consent to broadcast or distribute the content only through license agreements with third parties, which, depending on the terms of the license, may allow the Copyrighted Content to be broadcast over the Internet, mobile applications, and other IPTV streaming facilities, including Roku.

**B.    Plaintiff's Copyrighted Content is Protected by the Copyright Act**

15. Plaintiff's Copyrighted Content is non-United States work that originates in, and is protected under, the copyright laws of the Russian Federation. *See* Закон об авторском праве и смежных правах [Law on Copyright and Neighboring Rights], No. 53514, art. 7.1, Aug. 3, 1993 (Russ.); *see generally* Гражданский Кодекс Российской Федерации [Grazhdanskiy Kodeks Rossiyskoy Federatsii] [GK RF] [Civil Code] § VII (Russ.). The Copyrighted Content is nonetheless afforded protection under the Copyright Act.

16. Both the United States and the Russian Federation are signatories to the Berne Convention. The United States is, therefore, obligated, pursuant to the Berne Convention's extension to cinematic works, *see* Berne Convention for the Protection of Literary and Artistic Works, Sept. 9, 1886 (as amended), art. 2, to provide the privileges and protections of its copyright laws to works originating in another signatory country.

17. As the Copyrighted Content is a foreign work, it is not subject to the copyright registration requirement applicable to "United States work[s]" under Section 411(a) of the Copyright Act, 17 U.S.C. § 411(a), in order to receive protection under the United States' copyright laws.

**C.    Defendant's Unlawful Service**

18. Defendant operates a video streaming and on demand library service located online at BestRussianTV.com, through various mobile devices, and IPTV streaming facilities, including, among others, Samsung Smart TV, Dune HD, iPad, iPhone, Android devices, and Roku. Through these offerings, which are advertised on Defendant's website and are directed towards individuals in this judicial district, Defendant distributes Russian language programming through the live and archived rebroadcast of numerous Russian TV networks. In addition, Defendant selects certain Russian language programs, including, *inter* alia, the Copyrighted Content, and makes them available through a video on demand library.

19. Subscribers are granted access by Defendant to a subset of programs for free, which upon information and belief, includes certain of Plaintiff's Copyrighted Content. Upon the payment of a fee ranging from $9.95 to $29.95 per month, subscribers are able to access Defendant's full video on demand library and to watch all content that is shown on various Russian TV networks (both live and archived).

20. Since at least January 2017, Defendant has been streaming, broadcasting, and distributing to its subscribers, among other Russian language television programs, Plaintiff's Copyrighted Content. In particular, Defendant allows its subscribers in this judicial district to watch the Copyrighted Content, which was originally shown live on Channel One, and select Copyrighted Content from an archived library for on demand viewing.

21. Consumers and subscribers are able to view the Copyrighted Content on Defendant's website, BestRussianTV.com, and its Roku channel, BRT. Upon information and belief, Defendant also streams, broadcasts, and otherwise distributes the Copyrighted content on its mobile applications and other channels on IPTV streaming facilities.

22. Plaintiff has not authorized Defendant to stream the Copyrighted Content on its website, mobile devices, or other IPTV streaming facilities, including Roku, or to broadcast and re-broadcast the Copyrighted Content through any other method. Moreover, Defendant could not have obtained the rights to distribute Plaintiff's Copyrighted Content from any other party.

23. Defendant nonetheless leads its subscribers, potential customers, and the general public to believe that it is licensed or otherwise authorized to stream, broadcast, or distribute Plaintiff's Copyrighted Content. In fact, Defendant's Terms and Conditions, which are available on its website, BestRussianTV.com, specifically state that all content provided by Defendant "is owned, controlled or licensed by or to BestRussianTV.com and is protected by copyright and various other intellectual property laws." Such statement misleads and confuses the public, who are led to believe that Defendant is licensed or otherwise authorized to stream, broadcast, or distribute Plaintiff's Copyrighted Content.

**D.     The Takedown Notice**

24. On or before March 2, 2017, Plaintiff discovered that Defendant was distributing, through its website, mobile applications, and through various IPTV streaming facilities, such as Roku, Plaintiff's Copyrighted Content without authorization.

25. On March 14, 2017, pursuant to 17 U.S.C. § 512(c)(3), Plaintiff filed a Copyright Infringement Notification with Roku (the "Takedown Notice"). The Takedown Notice listed the copyrighted work that had been infringed by Defendant, where the infringing material appeared,

how the content infringed on Plaintiff's copyright, and information to contact Defendant. The Takedown Notice and supporting documents are attached as Exhibit 1.[1]

26. Upon receipt of the Takedown Notice, Roku contacted Defendant via email to question the legitimacy of the Plaintiff's claims. Roku then blocked access to Defendant's Roku channel in compliance with 17 U.S.C. § 512(c).

27. On March 17, 2017, Defendant submitted a counter-notice (the "Counter-Notice") pursuant to 17 U.S.C. § 512(g)(3). In the Counter-Notice, Defendant identified itself as BRT's designated agent and represented, under penalty of perjury, that the Copyrighted Content was misidentified and/or did not infringe on Plaintiff's copyright. Specifically, the Counter-Notice stated that "[Defendant has] all required rights to" the Copyrighted Content and that the Takedown Notice had been "sent by [Defendant's] competition in a hostile attack to remove a competitor from Roku platform." The Counter-Notice is attached as Exhibit 2.

28. Even though the Copyrighted Content infringes on Plaintiff's copyrights, Roku, on the asserted basis of the statement in the Counter-Notice, has informed Plaintiff of its intention to restore access to Defendant's Roku channel on March 31, 2017 pursuant to 17 U.S.C. § 521(g)(2)(c) unless Plaintiff filed an action seeking to restrain Defendant from engaging in infringing activity relating to the material being distributed through Roku's platform.

---

1. The Takedown Notice, which was filed on behalf of Plaintiff and another copyright holder, NTV America, identified multiple parties infringing on their respective copyrighted content. References to the other infringers have been redacted.

### E. Defendant's Conduct Causes Irreparable Harm

29. Defendant's website, mobile applications, and channels on IPTV streaming facilities, including Roku, currently offer its subscribers the ability to access programs from over 100 Russian language networks, including Channel One.

30. If left unabated, Defendant's conduct will undermine Plaintiff's relationships with its authorized licensees and interfere with Plaintiff's ability to negotiate with those legitimate streaming and broadcasting providers. Because Defendant does not compensate the copyright owners for the rights it exploits, Defendant is able to unfairly compete with licensed providers, which pay, in some instances significant fees, for the rights to distribute the same content.

31. If Defendant continues offering the Copyrighted Content, it will continue to interfere with Plaintiff's ability to distribute its content, including through authorized licensees or other legitimate distribution channels.

32. Defendant's unauthorized copies and unauthorized distribution further undermines Plaintiff's ability to negotiate for quality controls in the dissemination of the Copyrighted Content.

33. In addition, by characterizing BestRussianTV.com, its mobile applications, and its channels on streaming IPTV streaming facilities, such as its channel on the Roku platform, as legitimate and lawful alternatives to licensed websites and other channels on IPTV streaming facilities, Defendant threatens to confuse consumers and the public into believing that it is authorized to broadcast or re-broadcast the Copyrighted Content.

34. Defendant's unlawful conduct and unfair competition with licensed distribution channels cause Plaintiff irreparable harm. Unless enjoined, Defendant's illegal actions will continue.

## FIRST CAUSE OF ACTION
## Claim for Copyright Infringement

35. Plaintiff incorporates the allegations in paragraphs 1 through 34 as if fully set forth herein.

36. The Copyrighted Content consists of original audiovisual works that have been fixed in a tangible medium and are copyrightable subject matter.

37. The Copyrighted Content, which originated and in and is protected by the laws of the Russian Federation, is subject to the protections of the Copyright Act by virtue of the Berne Convention. The Copyrighted Content does not need to be registered with the United States Copyright Office in order to be eligible for protection under the Copyright Act.

38. Plaintiff owns all worldwide copyrights in and to the Copyrighted Content, which ownership comprises the exclusive legal rights in the United to, among other rights, reproduce copies of the Copyrighted Content, distribute copies to the public of the Copyrighted Content, perform the Copyrighted Content publicly, publicly display the copyrighted Content, and make derivative works based upon the Copyrighted Content. See 17 U.S.C. § 106.

39. Upon information and belief, Defendant reproduced Plaintiff's Copyrighted Content by obtaining and storing the Copyrighted Content on computer servers it owns, operates, or for which the server is operated based for the benefit of Defendant, without the authorization of Plaintiff. The reproductions were made for the sole purpose of distributing the Copyrighted Content, for commercial gain, to Defendant's subscribers and customers, including a substantial number of subscribers and customers in the United States and in this judicial district.

40. Defendant performed Plaintiff's Copyrighted Content by displaying it to Defendant's subscribers, including those in the United States and this judicial district, through at least: 1) its website, BestRussianTV.com; 2) applications on mobile devices; and 3) IPTV

streaming facilities, including but not limited to Roku. Specifically, Defendant provided a live and archived rebroadcast of the Copyrighted Content and made certain programs available through a video on demand library.

41. By the actions alleged above, the Defendant has directly infringed and will continue to directly infringe Plaintiff's copyrights in the Copyrighted Content by unlawfully publicly performing and/or authorizing others to publicly perform the Copyrighted Content in the United States, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106(4).

42. By the actions alleged above, the Defendant has also directly infringed and will continue to directly infringe Plaintiff's copyrights in the Copyrighted Content by unlawfully reproducing and distributing and/or authorizing others to reproduce and distribute the Copyrighted Works in the United States, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

43. By the actions alleged above, Defendant has directly infringed and will continue to directly infringe Plaintiff's copyrights in the Copyrighted Content by unlawfully publicly displaying and/or authorizing others to publicly display the Copyrighted Content in the United States, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

44. Defendant does not have a license agreement and is in no way authorized to reproduce, transmit, publicly perform, or display the Copyrighted Content. Plaintiff has not provided any authorization and Defendant could not have obtained the rights to distribute Plaintiff's Copyrighted Content from any other party.

45. Defendant reproduced, transmitted, publicly performed, and displayed the Copyrighted Content with the knowledge that it was not authorized to do so. Defendant's

infringement of Plaintiff's copyright is therefore willful and in disregard of and with indifference to Plaintiff's valid and enforceable rights.

46. Upon information and belief, John Does 1-10 are directly infringing or at a minimum are facilitating and aiding these infringements, and John Does 1-10 are contributing to copyright infringements and are thus both directly and vicariously liable under the Copyright Act, 17 U.S.C. § 101 *et seq*.

47. The foregoing acts by Defendant are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated for or measured in money damages. Plaintiff does not have an adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of the Copyrighted Works and its exclusive rights under the Copyright Act by the Defendant.

48. Plaintiff is also entitled to damages in an amount to be determined at trial together with any such other relief as deemed just, proper, and equitable.

## SECOND CAUSE OF ACTION
### Claim for Secondary Copyright Infringement

49. Plaintiff incorporates the allegations in paragraphs 1 through 48 as if fully set forth herein.

50. The streaming, broadcast, and distribution of Plaintiff's Copyrighted Content on Defendant's website, BestRussianTV.com; mobile apps; and channels on IPTV streaming facilities, including Roku, infringes Plaintiff's exclusive rights in the Copyrighted Content.

51. Defendant knows or should have reason to know that it does not have a license agreement and is in no way authorized to stream, broadcast, or otherwise distribute the Copyrighted Content. Despite this knowledge, Defendant intentionally provides means, through

its website, mobile applications, and channels on IPTV streaming facilities for streaming, broadcasting, or otherwise distributing Plaintiff's Copyrighted Content.

52. Defendant's website, mobile applications, and channels on IPTV streaming facilities induce, cause, or materially contribute to copyright infringement by allowing Defendant's subscribers and customers to reproduce, transmit, publicly perform, and display the Copyrighted Content via, *inter alia*, BestRussianTV.com and Defendant's Roku channel, BRT, without authorization and infringes Plaintiff's exclusive rights in the Copyrighted Content.

53. Defendant has the right and ability to control the infringing acts of its subscribers and customers and receives a direct financial benefit from the infringing activity.

54. Defendant therefore induced, contributed to, and is vicariously liable for any copyright infringement committed by its subscribers, customers, or other persons that are provided access to Defendant's services.

55. Upon information and belief, John Does 1-10 are directly infringing or at a minimum are facilitating and aiding these secondary infringements, and John Does 1-10 are contributing to secondary copyright infringements and are thus both directly and vicariously liable.

56. The foregoing acts by Defendant are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury. The Court should therefore grant injunctive relief barring Defendant from streaming, broadcasting, or otherwise distributing Plaintiff's Copyrighted Content and damages in an amount to be determined at trial together with any such other relief as deemed just, proper, and equitable.

## THIRD CAUSE OF ACTION
### Claim for Misrepresentation under the DMCA

57.  Plaintiff incorporates the allegations in paragraphs 1 through 56 as if fully set forth herein.

58.  On March 14, 2017, Plaintiff submitted the Takedown Notice to Roku pursuant to 17 U.S.C. § 512(c)(3) to disable the Roku channel with access code BRT.

59.  Defendant submitted its Counter-Notice on March 17, 2017.  Pursuant to 17 U.S.C. § 512(g)(3), Defendant's Counter-Notice included a statement under penalty of perjury that the Copyrighted Content was removed or disabled as a result of mistake or misidentification and that "[Defendant has] all required rights to" the Copyrighted Content.  *See* Ex. 2.

60.  Defendant's statement that it has "all the required rights to" the Copyrighted Content is a material misrepresentation.  Defendant reproduced, streamed, broadcasted, and otherwise distributed the Copyrighted Content with the knowledge that it was not authorized to do so.  Indeed, Plaintiff has not authorized Defendant to stream Plaintiff's Copyrighted Content in any context, including the Roku channel, BRT.  Defendant could not have obtained the rights to distribute Plaintiff's Copyrighted Content through the Roku channel, BRT, from any other party.

61.  On the asserted basis of the statement in the Counter-Notice, Roku has communicated its intention to restore the Roku channel with access code BRT on March 31, 2017 unless Plaintiff initiates an action seeking to enjoin Defendant's infringing conduct.

62.  Roku's restoration of the Roku channel with access code BRT will cause and, unless enjoined and restrained by this Court, continue to cause Plaintiff irreparable injury.  The Court should therefore enjoin Defendant's infringement of Plaintiff's rights as well as grant damages in an amount to be determined at trial incurred by such misrepresentation, including

Plaintiff's costs and attorneys' fees, together with any such other relief as deemed just, proper, and equitable

## FOURTH CAUSE OF ACTION
### Claim for Unfair and Deceptive Trade Practices

63.     Plaintiff incorporates the allegations in paragraphs 1 through 62 as if fully set forth herein.

64.     New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service…."

65.     Defendant has, through its website, mobile applications, and other IPTV streaming facilities, including but not limited to Roku, deceived consumers and paying customers in New York into believing that it has the legal right, authority, or authorization to stream, broadcast, or otherwise distribute Plaintiff's Copyrighted Content.  Defendant's website, BestRussianTV.com, materially misleads consumers and customers by representing that its offering of the Copyrighted Content is authorized, despite the infringements set forth above.

66.     Upon information and belief, John Does 1-10 are contributing to the unfair and deceptive acts or practices and are thus liable.

67.     Plaintiff has suffered and continues to suffer irreparable injury as a result of Defendants' conduct.  Such injuries are not limited to financial injury and include, *inter alia*, damage to Plaintiff's worldwide reputations, goodwill, and relationship with licensees.  The Court should therefore grant injunctive relief barring Defendants from engaging in such unfair and deceptive trade practices and damages in an amount to be determined at trial, costs, including attorney's fees, together with any such other relief as deemed just, proper, and equitable.  *See* N.Y. Gen. Bus. Law § 349(h) (McKinney) (providing "any person who has been

injured by reason of any violation of this section" ability to "bring an action … to enjoin such unlawful act or practice" and seek damages).

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant and its officers, agents, servants, and employees and all those in active concert or participation with it, from (i) reproducing, transmitting, publicly performing, broadcasting and/or displaying Plaintiff's Copyrighted Content; (ii) inducing, encouraging, marketing, causing, facilitating, and/or materially contributing to the unauthorized reproduction, public performance, broadcast, and/or display of Plaintiff's Copyrighted Content by others; or (iv) engaging in unfair competition;

B. Awarding Plaintiff actual or statutory damages, in an amount to be determined at trial;

C. Awarding Plaintiff any profit made by Defendant attributable to its violations not taken into account when computing Plaintiff's actual damages;

D. Awarding Plaintiff restitution of money or proper and the disgorgement of any profits acquired by Defendant as a result of their unfair competition;

E. Awarding Plaintiff its costs of prosecuting this action, including its attorneys' fees;

F. Awarding Plaintiff prejudgment interest; and

G.  Awarding Plaintiff any such other and further relief as the Court deems just, proper, and equitable.

Dated: March 31, 2017

    Respectfully submitted,

    LEWIS BAACH KAUFMANN MIDDLEMISS PLLC

    By: /s David G. Liston

    David G. Liston
    Ronald Abramson
    Anthony M. Capozzolo
    Alex G. Patchen
    Ari J. Jaffess
    The Chrysler Building
    405 Lexington Avenue, 62nd Floor
    New York, NY 10174
    Tel: (212) 826-7001

    *Attorneys for Plaintiff, Komanda LLC*